ACCEPTED
11-15-00106-CR
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
6/16/2017 4:44:36 PM
SHERRY WILLIAMSON
CLERK

**6-16-2017**

**ELEVENTH COA**
**PO BOX 271**
**EASTLAND, TX 76448**

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS
06/16/17 4:44:36 PM
SHERRY WILLIAMSON
Clerk

**RE:** **Appellate Case Number    11-15-00106-CR**
**Trial Court Case Number    03-3319**

**STYLE: STEVEN DALE HAWKINS v. State of Texas**

**VIA:    EFILE**

Per TRAP 48.4, enclosed please find the following:

- USPS Form PS 3811 indicating that CMRRR 7014 1820 0002 0112 5880 was delivered.
- A copy of my letter dated 6-5-17 giving a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68.

This letter is sent in compliance of TRAP 48.4.

/S/ ARTHUR "ARTIE" AGUILAR JR

**ARTHUR "ARTIE" AGUILAR JR**
**ATTORNEY AT LAW**
5109 82ND ST
SUITE 7, BOX 192
LUBBOCK, TX 79424-3028
Phone        (806)893-6728
Fax          (800)693-7091
SBN:         24004427
artieaguilar@gmail.com

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STEVEN DALE
HAWKINS # 01204391
2661 FM 2054
TENESSEE COLONY, TX 75884

9590 9402 1963 6123 7298 85

2. Article Number (Transfer from service label)

7014 1820 0002 0112 5880

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_    ☒ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_DORSEY_    6/13/17

D. Is delivery address different from item 1?   ☑ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ ted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

6/5/17

STEVEN D HAWKINS # 01204391
COFFIELD UNIT
2661 FM 2054
TENESSEE COLONY, TX 75884

APPELLATE:      11-15-00106-CR
TRIAL COURT:    03-3319

VIA:              CMRRR 7014 1820 0002 0112 5880


On 5-25-17, the COA AFFIRMED the trial court's judgment. A copy of the opinions of the COA is included in this package.

After reviewing the opinion, I have formed the professional opinion that your case is not one that meets the statutory requirements for a petition for review to the Court of Criminal Appeals. Therefore, I will **not** be filing a petition for review on your behalf. My representation via the Indigent Defense Contract ends today.

The fact that I have reached this conclusion does **not** mean that you may not file a petition for review on your own behalf. You may certainly pursue this avenue for relief if you choose. In that regard, you should be aware of the following information:

1.  The COA Judgment Date is **5-25-17**. The Petition in your case must filed no later than **6-24-17** unless the Court of Criminal Appeals grants a request for extension of time for filing the petition. You should be aware that extensions are only granted under unusual circumstances. I enclosed TRAP 68 in my previous letter to you.
2.  The petition must set forth the specific reason for review that you are relying upon. I enclosed a copy of Rule 66.3 of the Texas Rules of Appellate Procedure, which set forth the standards for review, in my previous letter to you. When you prepare your petition you must make

sure that you use one of these criteria as the basis for requesting review for each ground that you want the Court of Criminal Appeals to review.

3. The Petition is now filed with the TEXAS COURT OF CRIMINAL APPEALS, PO BOX 12308, AUSTIN, TX 78711. The rules of appellate procedure call for the filing of 11 copies of the petition for review. If you are not able to comply with this rule, you should state that at the time you file the petition with the COA.

4. The rules provide that you must also serve a copy of the Petition on the opposing party and the State Prosecuting Attorney. The opposing party in your case is **PHILIP MACK FURLOW, PO BOX 1124, LAMESA, TEXAS 79331**. The mailing address for the State Prosecuting Attorney is PO Box 12405, Austin, TX 78711. If you are not able to comply with this requirement because you do not have the funds, you should mention this at the time you file your petition with the COA.

I wish you the best of luck if you choose to file a Petition for Discretionary Review on your own behalf. If you have any further questions relating to the Petition for Review, or any other questions regarding your case, please do not hesitate to contact me. **<u>ENCLOSED ARE THE REPORTER'S AND CLERK'S RECORD.</u>**

Respectfully,

/S/ ARTHUR "ARTIE" AGUILAR JR

ARTHUR "ARTIE" AGUILAR JR
ATTORNEY AT LAW
5109 82ND ST, SUITE 7, BOX 192
LUBBOCK, TEXAS 79424
Ph. No.      (806) 893-6728
Cell No.      (806) 200-2051
Fax No.      (800) 693-7091
SBN: 24004427
artieaguilar@gmail.com
www.artieaguilar.com

# Rule 68.  Discretionary Review With Petition

68.1.  Generally

On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

68.2.  Time to File Petition

(a)  First Petition. The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.

(b)  Subsequent Petition. Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c)  Extension of Time.  The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition.  The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

68.3.  Where to File Petition

The petition and all copies of the petition must be filed with the clerk of the court of appeals, but if the State's Prosecuting Attorney files a petition, the State's Prosecuting Attorney may file the copies of the petition — but not the original— with the clerk of the Court of Criminal Appeals instead of with the court of appeals clerk.

68.4.  Contents of Petition

A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state the name of the party or parties applying for review. The petition must contain the following items:

(a)   Table of Contents. The petition must include a table of contents with references to the pages of the petition. The table ofcontents must indicate the subject matter of each ground or question presented for review.

(b)   Index of Authorities. The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(c)   Statement Regarding Oral Argument. The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why oral argument should or should not be heard.

(d)   Statement of the Case. The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(e)   Statement of Procedural History. The petition must state:

(1)   the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

(2)   the date any motion for rehearing was filed (or a statement that none was filed); and

(3)   the date the motion for rehearing was overruled or otherwise disposed of.

(f)   Grounds for Review. The petition must state briefly, without argument, the grounds on which the petition is based. Thegrounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review,the petition may contain the questions presented for review,

expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative orrepetitious.

(g)    Argument. The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. See Rule 66.3.  The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(h)    Prayer for Relief. The petition must state clearly the nature of the relief sought.

(i)    Appendix. The petition must contain acopy of any opinion of the court of appeals.

## 68.5.  Length of Petition and Reply

The petition must be no longer than 15 pages, exclusive of pages containing the table ofcontents, the index of authorities, the statement regarding oral argument, the statement of the case, the statement of procedural history, and the appendix. A reply may be no longer than 8 pages, exclusive of the items stated above. The Court may, on motion, permit a longer petition or reply.

## 68.6.  Nonconforming Petition

The Court may strike, order redrawn, or summarily refuse a petition for discretionary review that is unnecessarily lengthy or that does not conform to these rules.

## 68.7.  Court of Appeals Clerk's Duties

(a)    On Filing of the Petition. Upon receiving the petition, the court of appeals clerk must file the original petition and note the filing on the docket.

(b)   Reply.  The opposing party has 30 days after the timely filing of the petition in the court of appeals to file a reply to the petition with the clerk of the court of appeals. Upon receiving a reply to the petition, the clerk for the court of appeals must file the reply and note the filing on the docket.

(c)   Sending Petition and Reply to Court of Criminal Appeals.  Unless a petition for discretionary review is dismissed underRule 50, the clerk of the court of appeals must, within 60 days after thepetition is filed, send to the clerk of the Court of Criminal Appeals the petition and any copies furnished by counsel, the reply, if any, and any copies furnished by counsel, together with the record, copies of the motions filed inthe case, and copies of any judgments, opinions, and orders of the court of appeals. The clerk need not forward any nondocumentary exhibits unless orderedto do so by the Court of Criminal Appeals.

### 68.8.  Court of Criminal Appeals Clerk's Duties on Receipt of Petition

The clerk of the Court of Criminal Appeals will receive a petition fordiscretionary review, file the petition and the accompanying record from the court of appeals, note the filing of the petition and record on the docket, and notify the parties by U.S. Mail of the filing. The Court may dispense with notice and grant or refuse the petition immediately upon its filing.

### 68.9  Reply. [deleted]
### 68.10.  Amendment

The petition or a reply may be amended or supplemented within 30 days after the original petition was filed in the court of appeals  or at any time when justice requires. The record may be amended in the Court of Criminal Appeals under the same circumstances and inthe same manner as in the court of appeals.

### 68.11.  Service on State Prosecuting Attorney

In addition to the service required by Rule 9.5, service of the petition, the reply, and any amendment or supplementation of a petition or reply must

be made on the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711.

Notes and Comments

Comment to 1997change: This is former Rule 202. Subdivisions (k) and (l) of the former rule have been relocated to Rule 69. The new rule limits the length of a petition and reply. The time for amendment of a petition or reply is increased to conform with the amendment in Rule 50. The rule is otherwise amended without substantive change.

Comment to 2002 change: The original catchline of subdivision 68.4(g) was "Reasons for Review," which caused confusion because of its similarity to the catchline in subdivision 66.3 ("Reasons for Granting Review"). It is changed to "Argument."

## 53.7.  **Time and Place of Filing**

(a)    Petition.  Unless the Supreme Court orders an earlier filing deadline,the petition must be filed with the Supreme Court clerk within 45 days after the following:

>  (1)    the date the court of appeals rendered judgment, if no motion for rehearing or en banc reconsideration is timely filed; or

>  (2)    the date of the court of appeals' last ruling on all timely filed motions for rehearing or en banc reconsideration.

(b)    Premature Filing.  A petition filed before the last ruling on all timely filed motions for rehearing and en banc reconsideration is treated as having been filed on the date of, but after, the last ruling on any such motion.  If a party files a petition for review while a motion for rehearing or en banc reconsideration is pending in the court of appeals, the party must include that information in its petition for review.

(c)    Petitions Filed by Other Parties. If a party files a petition for review within the time specified in 53.7(a) — or within the time specified by the Supreme Court in an order granting an extension of time to file a petition — any other party required to file a petition may do so within 45 days after the last timely motion for rehearing is overruled or within 30 days after any preceding petition is filed, whichever date is later.

(d)    Response.Any response must be filed with the Supreme Court clerk within 30 days after the petition is filed.

(e)     Reply.Any reply must be filed with the Supreme Court clerk within 15 days after the response is filed.

(f)    Extension of Time.  The Supreme Court may extend the time to file a petition for review if a party files a motion complying with Rule 10.5(b) no later than 15days after the last day for filing the petition.  The

Supreme Court may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

(g)    Petition Filed in Court of Appeals. If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the Supreme Court clerk, and the court of appeals clerk must immediately send the petition to the Supreme Court clerk.

## 66.3.  Reasons for Granting Review

While neither controlling nor fully measuring the Court ofCriminal Appeals' discretion, the following will be considered by the Court indeciding whether to grant discretionary review:

(a)  whether a court of appeals' decision conflicts with another court of appeals' decision on the same issue;

(b)  whether a court of appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals;

(c)   whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

(d)  whether a court of appeals has declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation, or ordinance;

(e)   whether the justices of a court of appeals have disagreed on a material question of law necessary to the court's decision; and

(f)   whether a court of appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## 10.5.  Particular Motions

(a)   Motions Relating to Informalities in the Record. A motion relating to informalities in the manner of bringing a case into court must be filed within 30 days after the record is filed in the court of appeals. The objection, if waivable, will otherwise be deemed waived.

(b)   Motions to Extend Time.

   (1)   Contents of Motion in General.  All motions to extend time, except a motion to extend time for filing a notice of appeal, must state:

      (A)  the deadline for filing the item in question;

      (B)  the length of the extension sought;

      (C)  the facts relied on to reasonably explain the need for an extension; and

      (D)  the number of previous extensions granted regarding the item in question.

   (2)   Contents of Motion to Extend Time to File Notice of appeal.

A motion to extend the time for filing a notice of appeal must:

      (A)   comply with (1)(A) and (C);

      (B)   identify the trial court;

      (C)   state the date of the trial court's judgment or appealable order; and

      (D)   state the case number and style of the case in the trial court.

(3)     Contents of motion to extend time to file petition for review or petition for discretionary review.   A motion to extend time to file a petition for review or petition for discretionary review must also specify:

(A)   the court of appeals;

(B)   the date of the court of appeals' judgment;

(C)   the case number and style of the case in the court of appeals; and

(D)     the date every motion for rehearing or en banc reconsideration was filed, and either the date and nature of the court of appeals' ruling on the motion, or that it remains pending.

(c) Motions to Postpone Argument. Unless all parties agree, or unless sufficient cause is apparent to the court, a motion to postpone argument of a case must be supported by sufficient cause.